NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-154

ELMER WASHINGTON

VERSUS

STATE OF LA., DEPT. OF PUBLIC SAFETY, ET AL.

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 13-C-0515-D
HONORABLE DONALD WAYNE HEBERT, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

**James Stokes Holt  IV**
**Holt Law Firm**
**4720 North Boulevard**
**Baton Rouge, LA 70806**
**(225) 272-1400**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    Elmer Washington

**Jeannie C. Prudhomme**
**Assistant Attorney General**
**556 Jefferson St., 4th Floor**
**Lafayette, LA 70501**
**(337) 262-1700**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Louisiana State Police**
    **State of Louisiana, Department of Public Safety**

**David Lance Pitre**
**Pitre Law Office**
**P. O. Drawer 1260**
**Eunice, LA 70535**
**(337) 457-9048**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **St. Landry Consolidated Government**

**EZELL, Judge.**

Elmer Washington appeals the decision of the trial court granting an exception of prescription in favor of the State of Louisiana Department of Public Safety and Corrections and State Trooper Josh Arvie (collectively referred to as DPS), thereby dismissing his suit. For the following reasons, we affirm the decision of the trial court.

On February 4, 2013, Mr. Washington filed suit alleging that Trooper Arvie stopped him on October 1, 2005, for improper lane usage. As a result of the stop, Mr. Washington was arrested for and convicted of second-offense DWI. Mr. Washington states in his petition that Trooper Arvie's dashboard camera was inoperable on the night of the stop. He alleged no other actions or conduct on the part of Trooper Arvie. DPS filed exceptions of prescription and no cause of action, both of which were granted by the trial court. From that decision Mr. Washington appeals.

On appeal, Mr. Washington asserts only one assignment of error, that the trial court erred in granting the exception of prescription. The granting of the exception of no cause of action has not been appealed and is final.

The one-year liberative prescription period for delictual actions begins to run from the date the injury or damage is sustained. La.Civ.Code art. 3492. The "continuing tort" doctrine, however, provides an exception to the general rule of prescription. When tortious conduct and resulting damages are of a continuing nature, prescription does not begin until the conduct causing the damages has ended. *See Bustamento v. Tucker,* 607 So.2d 532, (La.1992). The "continuing tort" doctrine applies only when continuous conduct causes continuing damages, and it is the continuing nature of the alleged conduct that has the effect of delaying the

commencement of prescription. Still, "for the continuing tort doctrine to apply **both** the tortious conduct **and** the resulting damages must be continuous." *Id.* at 537 (emphasis ours).

Here, there is no continuing conduct whatsoever. The damages claimed allegedly arise from Trooper Arvie not recording Mr. Washington's singular stop when Mr. Washington was arrested for DWI. No other tortious conduct is alleged besides this one instance in October of 2005, almost eight years ago. This assignment of error is entirely devoid of merit. In fact, it is so devoid of merit as to be frivolous. Counsel for Mr. Washington knew the law required continuous conduct, as his brief contained language noting that the jurisprudence required any conduct to be continuous, as well as damages, for the continuing tort doctrine to apply. Despite this knowledge, counsel for Mr. Washington proceeded to cause delay with this utterly worthless appeal. Making this appeal of even less value, had we somehow found in favor of Mr. Washington and reversed the trial court on the prescription issue, his case would still be dismissed with prejudice because he did not even appeal the trial court's granting of DPS's exception of no cause of action. Had DPS sought sanctions for frivolous appeal, they would have been gladly and freely granted.

For the above reasons, the judgment of the trial court is hereby affirmed. Costs of this appeal are hereby assessed against Mr. Washington.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.